IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY CLARK,
      Plaintiff,

vs.                                  Case No. 3:09cv448/RV/EMT

D. ELLIS, et al.,
      Defendants.
_____/

## ORDER

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 21).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        Plaintiff names two Defendants in this action, D. Ellis, warden of Santa Rosa Correctional Institution ("SRCI"), and G.S. Davenport, a correctional officer at SRCI (*id.* at 1–2).  Plaintiff claims that Defendants violated his Fourteenth Amendment rights with regard to a disciplinary proceeding which resulted in Plaintiff's placement in disciplinary confinement and loss of gain time (*id.* at 5).

        In support of his claims Plaintiff states that on March 8, 2009, Defendant Davenport wrote a false disciplinary report accusing Plaintiff of "disrespect to an official."[1]  Thereafter, a disciplinary hearing was held, and Plaintiff was found guilty "based upon Defendant's (Davenport) written report."  Plaintiff alleges that the disciplinary team—comprised of SRCI staff and officials who are not named as Defendants in this action—denied Plaintiff's request for additional witnesses and

_____

[1] Unless otherwise indicated, all facts are derived from the "Statement of Facts" section of Plaintiff's complaint (Doc. 1 at 5–6).

evidence, and after finding Plaintiff guilty recommended placement in disciplinary confinement and loss of gain time.

Plaintiff appealed the decision of the disciplinary team to Defendant Ellis, "challenging staff officials [sic] failure to observe the essential requirements of procedure, and thus failure [sic] to accord due process."  Defendant Ellis denied Plaintiff's appeal, and Plaintiff sought further review by the Bureau of Inmate Grievance Appeals ("BIGA").  The BIGA "approved" Plaintiff's appeal, and the disciplinary conviction was overturned, the disciplinary report ("DR") written by Defendant Davenport was removed from Plaintiff's institutional file, Plaintiff's gain time and privileges were restored, and Plaintiff was released from "punitive segregation."[2]

Plaintiff alleges that Officer Davenport's filing of a false DR violated his Fourteenth Amendment rights and constituted "malicious prosecution," and Defendant Ellis' failure to overturn Plaintiff's convictions "violated Plaintiff's [Fourteenth] Amendment Constitutional right in the prison appeal process" (Doc. 1 at 7).  As relief Plaintiff seeks a "declaration that the acts and

---

[2] Plaintiff attached to his complaint copies of the grievances/appeals (Doc. 1, Attachs.).  In relevant part, Plaintiff asserted in the appeal to Defendant Ellis that his disciplinary conviction should be overturned because the investigating officer failed to read the DR to Petitioner, in violation of Fla. Admin. Code r. 33-601.305(2)(a) (the investigator is responsible for "[d]elivering the charge to the inmate by reading the charge and statement of facts to the inmate").  Petitioner further alleged that the investigating officer violated his Due Process rights by failing to grant Petitioner's request that videotapes from three cameras be obtained and (presumably) played during his disciplinary hearing.  In denying Petitioner's appeal, Defendant Ellis advised Petitioner as follows:

OFFICER J. QUILLIN DELIVERED THE CHARGES TO YOU AND ASKED YOU IF YOU NEEDED STAFF ASSISTANCE TO HELP YOU UNDERSTAND THE CHARGES AND YOU DECLINED.  YOU SUBMITTED A WRITTEN STATEMENT TO REBUKE THE CHARGES, REQUESTED INMATE RANDALL AS A WITNESS, AND DECLINED TO REQUEST EVIDENCE AND SIGNED THE DOCUMENTARY OR PHYSICAL EVIDENCE DISPOSITION FORM.

(Doc. 1, Attach. at 4).

In Plaintiff's appeal to the BIGA, Plaintiff alleged that the investigating officer failed to read the DR to him and violated Petitioner's Due Process rights by failing to "call for" Inmate Randall Lamont as a witness.  Petitioner further asserted that he did not decline staff assistance and that Defendant Davenport committed a procedural error by including two disciplinary infractions in the same DR (i.e., disorderly conduct and disrespect to an official), in violation of Fla. Admin. Code r. 33-601.304(1) ("Only one violation shall be included in each disciplinary report.  Separate disciplinary reports shall be used for multiple offenses.").  In overturning Petitioner's conviction, the BIGA stated that its decision "was based on technical errors made in the processing" of the DR for disrespect to officials.

omissions described herein violated Plaintiff's rights under the Fourteenth Amendment"; he also seeks monetary damages (*id.*).

Initially, Plaintiff's conclusory allegation that Defendant Davenport falsified the disciplinary charge is insufficient to state a constitutional claim. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986). This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). In the instant case, Plaintiff's only allegation against Defendant Davenport is that he wrote a "prison Disciplinary Report for 1-4, Disrespect to an official, Falsely" (Doc. 1 at 5). Because this conduct alone does not amount to a constitutional violation, Plaintiff has failed to state a claim against Defendant Davenport.

Moreover, Plaintiff has failed to state a basis for liability as to Defendant Ellis. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel.

Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), aff'd, 915 F.2d 1574 (6th Cir. 1990); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. See Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff alleges only that Defendant Ellis denied his grievance/appeal. As discussed supra, this fact alone does not provide a basis for liability. Moreover, in his appeal to Defendant Ellis, Plaintiff did not accuse Defendant Davenport of writing a false disciplinary report (the basis of Plaintiff's claims in the instant action); rather, he complained of procedural or technical violations of the Florida Administrative Code. Thus, Defendant Ellis was not "put on notice" of any alleged constitutional violation. Notwithstanding, because Plaintiff has failed to allege facts establishing a violation of his constitutional rights by Defendant Davenport, he has likewise failed to state a claim against Defendant Ellis on the basis of respondeat superior or vicarious liability. Thus, Plaintiff has failed to state a constitutional claim against Defendant Ellis.

Lastly, even if Plaintiff were able to state a constitutional claim, Plaintiff is not entitled to all the relief his seeks. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims,

including constitutional claims. <u>Napier v. Preslicka</u>, 314 F.3d 528, 532 (11th Cir. 2000) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in <u>Hudson</u> [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); <u>Osterback v. Ingram</u>, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff seeks monetary damages, but he alleges no physical injury; rather, he apparently seeks compensation for time spent in disciplinary confinement (or for the loss of gain time (that was subsequently restored)). Because the PLRA forbids Plaintiff from recovering compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury, Plaintiff should delete his request for such damages.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs

and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida. Plaintiff should not file copies of his amended complaint until ordered to do so by the court.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 23rd day of March 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**