IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY CLARK,
 Plaintiff,

vs.              Case No. 3:09cv448/RV/EMT

D. ELLIS, et al.,
 Defendants.

## REPORT AND RECOMMENDATION

  This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (Doc. 1). Leave to proceed in forma pauperis was granted and the initial partial filing fee has been paid (Docs. 21, 29).

  Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief

above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing <u>Hall v. United Ins. Co. Of Am.</u>, 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1323 (11th Cir. 2001).

After the court's detailed order directing him to amend, the allegations in Plaintiff's amended complaint are sparse. He now alleges that his civil rights were violated by Correctional Officer G.S. Davenport when Davenport wrote plaintiff a "bogus" disciplinary report ("DR") on March 8, 2009. (Doc. 37 at 5). As a result of this DR, Plaintiff lost all of his gain time and was placed into administrative confinement. (*Id.*). Plaintiff appealed the DR at the institution level and was unsuccessful, but his appeal to the central office resulted in the DR being overturned. (*Id.* citing appeal no. 411612004). He claims that this proves that defendant Davenport violated his Fourteenth Amendment rights. Plaintiff spent 39 days in segregation with no privileges before the DR was overturned. Plaintiff now indicates that he wishes to be reimbursed for the expenses he incurred in exhausting his administrative remedies and in litigating this case. He seeks $350.00 reimbursement (presumably for the filing fee in this case, which has not yet been paid), $40.00 reimbursement for

legal copies and $20.00 reimbursement for stamps,[1] and $3,000.00 as compensation for sixteen months of his time (Doc. 37 at 6, 7).

As Plaintiff was previously advised (Doc. 23 at 3), the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation, because prisoners have no constitutional immunity from being falsely or wrongly accused of misconduct even if it results in deprivation of protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); *see also* Strong v. Ford, 108 F.3d 1386 (9th Cir. 1997). A prisoner's allegation that a defendant filed false disciplinary charges against him fails to state a claim so long as due process was provided. *See* Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006); McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999); Spouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974) (holding that in the prison context, due process requirements are satisfied if the inmate is given written notice of the charges at least 24 hours in advance of disciplinary proceedings, the inmate is given the opportunity to call witnesses and present evidence, and a written statement is drafted by the fact-finders as to the evidence relied on and the reasons for the disciplinary action). In this case, although Plaintiff's case was not resolved favorably to him at the institution level, it was ultimately overturned on appeal. Thus, due process was clearly provided, and plaintiff has not stated a constitutional claim against Correctional Officer Davenport.

Furthermore, as Plaintiff was previously advised, even if plaintiff can state a constitutional claim, a claim for monetary damages absent a showing of physical injury is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Yates, 535 F.3d at 1321 (quoting

---

[1] Neither of these sums is supported by the attachment to the complaint which reflects liens for $3.15 and for $11.73 for copies and stamps respectively (Doc. 37, Ex. 1 at 1).

Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F.3d at 532. This § 1983 action brought by Plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned. Plaintiff's complaint seeks damages for sixteen months of his time, arguably a mental or emotional injury as it certainly contains no physical component, so as to satisfy the third predicate for the application of § 1997e(e). Additionally, the "harm" complained of clearly occurred while Plaintiff was in custody, so as to satisfy the fourth predicate. And finally, Plaintiff has failed to allege any injury, much less "more than a de minimis physical injury." Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d 208 (2001); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002). Consequently, Plaintiff is presently prohibited by § 1997e(e) from bringing his damages claims.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**